Opinion by Johnson, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 52507.**—James E. Markham, Alien Property Custodian *v.* United States, protests 94614–K, etc. (New York).

Opinion by Johnson, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

Before the First Division, August 20, 1948

**No. 52508.**—James E. Markham, Alien Property Custodian *v.* United States, protests 3902–K and 30783–K (New York).

Opinion by Oliver, P. J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

**No. 52509.**—James E. Markham, Alien Property Custodian *v.* United States, protests 942495–G, etc. (New York).

Opinion by Cole, J. Following the authorities cited in Abstract 15400 the court dismissed the protests.

Before the Third Division, August 20, 1948

**No. 52510.**—V. S. Andrew *v.* United States, protest 64033–K (New York).

Opinion by Ekwall, J. In accordance with stipulation of counsel the court found that the facts herein agreed upon were such as to bring the case within the holding in *John Barr* v. *United States* (11 Cust. Ct. 88, C. D. 801), which record was incorporated herein. (See *John Barr* v. *United States*, 324 U. S. 83.) In accordance therewith it was held that the currency of the invoice should be converted at the buying rate in the New York market at noon on the day of exportation (the "free" rate of exchange for pounds sterling), as certified by the Federal Reserve bank and set forth by the collector on entry 812303. The protest was sustained to this extent.

**No. 52511.**—Premier Peat Moss Corp. *v.* United States, protests 862318–G, etc. (New York).

Opinion by Ekwall, J. In accordance with stipulation of counsel that the merchandise consists of peat moss of the same character as that passed upon in *Peat Import Corp.* v. *United States* (4 Cust. Ct. 181, C. D. 319), the claim for free entry under paragraph 1685 was sustained.